UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO AUSTIN,

        Petitioner,                    Case Number: 2:14-CV-10446

v.                                       HONORABLE PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

SHIRLEY HARRY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

**I.  Introduction**

Petitioner Ricardo Austin, a state prisoner currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He is serving a term of ten to thirty years' imprisonment for possession of 1000 or more grams of cocaine.  Petitioner's application challenges these convictions on the grounds that he was entrapped, he is actually innocent, his plea was coerced, he received ineffective assistance of counsel, the trial court erred in denying the request for a continuance, and the prosecution withheld exculpatory evidence.  Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely.  For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion.  The Court

also declines to issue Petitioner a certificate of appealability, and denies him leave to proceed on appeal *in forma pauperis*.

## II.  Procedural Background

Petitioner pleaded guilty in Monroe County Circuit Court to possession of 1000 or more grams of cocaine.  On February 5, 2009, he was sentenced to 10 to 30 years' imprisonment.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals dismissed the application for lack of jurisdiction because it was not filed within 12 months of the judgment of sentence. *People v. Austin*, No. 298883 (Mich. Ct. App. Oct. 7, 2010).  On July 25, 2011, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed." *People v. Austin*, 489 Mich. 991 (Mich. 2011).

On August 20, 2011, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion. *People v. Austin*, No. 08-036646 (Monroe County Cir. Ct. June 24, 2012).  Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal. *People v. Austin*, No. 310551 (Mich. Ct. App. Nov. 30, 2012).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 30, 2013. *People v. Austin*, 494 Mich. 882 (Mich. July 30, 2013).

Petitioner filed the pending habeas petition on January 30, 2014.

### III. Discussion

#### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner was sentenced on February 5, 2009. His conviction became final February 5, 2010, when the time for filing a late application for leave to appeal with the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(F)(3) (imposing a 12-month time frame for late appeal at the time of Petitioner's conviction; a June 2011 amendment reduced the time for filing a late appeal to 6 months). Petitioner filed his habeas corpus petition on January 30, 2014, almost five years after the limitations period expired. The filing of a late application for leave to appeal with the Michigan Court of Appeals did not

serve to toll the limitations period, nor did the filing of an application for state post-conviction relief in the trial court. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

Petitioner fails to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations and the petition is untimely.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2014.

                                          s/Deborah Tofil
                                          Case Manager